UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Lavet Bethune,  Civ. No. 21-2644 (PAM/DTS)

        Plaintiff,

v.  **MEMORANDUM AND ORDER**

St. Paul Social Security All,
Mr. Jimmy, Mr. Shia, and
Mr. Haggus,

        Defendants.

---

This matter is before the Court on Plaintiff Jason Lavet Bethune's (1) initial filing (Docket No. 1); (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Docket No. 2); and (3) request that the Court appoint Bethune an attorney (Docket No. 3).  For the following reasons, this action is dismissed for lack of subject-matter jurisdiction, and the IFP Application and request for appointment of an attorney are denied as moot.

Bethune's initial filing, which the Court construes as his attempt at a formal complaint, consists of a single page.  (See Docket No. 1 at 1.)  It names three individual Defendants—"Mr. Jimmy," "Mr. Shia," and "Mr. Haggus," as well as "St. Paul Social Security ALL," which the Court understands as an attempt to sue all employees of the Social Security Office in St. Paul, Minnesota.  (Id.)

This filing discusses Defendants' conduct in only two sentences: "Made improper changes to file.  Illegally to Retaliate for me suing Social Security office."  (Id.)  Bethune contends that this "has caused a great hardship on [him] and [his] family."  (Id.)  He lists

various causes of action: "ADA Violations," "Racial Intimidation," "Civil Rights Violation," "4th Amendment Violations," "1st Amendment Violations," "Assault of Disable Person," "Theft by Deception," and "Trademark Infringement."  (Id.)  He also states that the "St. Cloud Social Security Office"—it is unclear here if he actually means the St. Cloud office, or if he instead means to refer to the St. Paul office—"is charged with conspiracy only failure to provide remedy and report wrongdoing."  (Id.)  For a remedy, Bethune suggests his "[d]amages" are $220 billion.  (Id.)

Rather than pay this action's filing fee, Bethune submitted an IFP Application.  The financial information in the IFP Application suggests that Bethune qualifies financially for in forma pauperis ("IFP") status.  But under 28 U.S.C. § 1915, a statute governing IFP proceedings, a "court shall dismiss [a] case at any time if the court determines that [the case] fails to state a claim on which relief may be granted."  Furthermore, under Rule 12(h) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Although Bethune's initial filing is sparse, the Court quite obviously lacks subject-matter jurisdiction over this action as presently pleaded.  As a threshold point, the Court notes that it is a plaintiff's responsibility to establish the Court's jurisdiction over an action.  See, e.g., Nucor Corp. v. Neb. Public Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989) ("It is well settled that the plaintiff bears the burden of establishing subject matter jurisdiction.").

Bethune appears to contend that certain individuals associated with the Social Security Administration ("SSA") made "improper changes" to his records.  (See Docket

No. 1 at 1.) In other words, he appears to contest decisions made by SSA personnel. Under 42 U.S.C. § 405(g), however, a federal court has subject-matter jurisdiction to review only the SSA's "final decision[s]" made after an administrative hearing. See, e.g., Weinberger v. Salfi, 422 U.S. 749, 764 (1975) (noting that § 405(g)'s final-decision requirement requirement is "central to the requisite grant of subject-matter jurisdiction"); Degnan v. Burwell, 765 F.3d 805, 808 (8th Cir. 2014) ("In order for the district court to have subject matter jurisdiction under [§ 405(g)], a claimant must have presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary.") (quotation omitted). Generally, when a plaintiff does not exhaust SSA administrative remedies before filing suit, a court should dismiss the action without prejudice for lack of subject-matter jurisdiction. See Benter v. U.S. Soc. Sec. Admin. Field Off.–Bemidji, Civ. No. 14-1030, 2014 WL 5307634, at *4 (D. Minn. Oct. 16, 2014) (Frank, J., adopting R. & R. of Bowbeer, M.J.).

Bethune provides no indication that he has exhausted his administrative remedies for contesting the "improper changes" that he posits. As a result, he has failed to meet his burden of showing how this Court has subject-matter jurisdiction here. The Court therefore dismisses this action without prejudice for lack of subject-matter jurisdiction, and further denies the IFP Application and the request for an attorney as moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

2. Plaintiff Jason Lavet Bethune's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) and Motion to Appoint Counsel (Docket No. 3) are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Friday, January 14, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge